

# ARKANSAS COURT OF APPEALS

DIVISION III
No. CR-13-1092

| | | | |
|---|---|---|---|
| | | **Opinion Delivered** September 10, 2014 | |
| THOMAS BELAIR | APPELLANT | APPEAL FROM THE CRITTENDEN COUNTY CIRCUIT COURT [NO. CR–2010-1072] | |
| V. | | | |
| STATE OF ARKANSAS | APPELLEE | HONORABLE DAVID GOODSON, JUDGE | |
| | | AFFIRMED | |

## BILL H. WALMSLEY, Judge

Appellant Thomas Belair appeals from the revocation of his probation. He argues that the trial court erred in overruling his confrontation-clause objection. We affirm.

On October 12, 2010, appellant pled guilty to breaking or entering and was sentenced to six years' probation. On August 3, 2012, the State filed a petition to revoke appellant's probation, alleging that he had committed the following violations: (1) failure to pay fines, restitution, costs, and fees as directed; (2) failure to report to probation as directed; (3) failure to pay probation fees; (4) failure to notify the sheriff and probation of his current address and employment; (5) possession and use of alcohol; (6) driving while intoxicated; (7) possession and use of cocaine; (8) driving with no liability insurance; (9) driving with no driver's license; (10) no vehicle license.

The revocation hearing was held on September 9, 2013. Amy Peyton from the Crittenden County Sheriff's Department testified that appellant had been assessed a fine of

$250 and costs of $770. He had been scheduled to pay $50 monthly beginning December 12, 2010; however, Peyton had not received any payments toward satisfaction of the fine or costs. Peyton testified that appellant had not contacted her to indicate why he was not paying, when he would pay, where he was working, or where he was living.

Constance Brown, of the Department of Community Correction, testified that she prepared a violation report on August 1, 2012, due to new charges against appellant in Tennessee. Brown testified that appellant's probation had been previously transferred to Tennessee for supervision, and she had received information from Tennessee that he was in violation of the conditions of the transfer. At this point, appellant objected based on the confrontation clause, arguing that he had the right to confront witnesses pertaining to this testimony. The objection was overruled.

Appellant moved for a directed verdict on the violations numbered two through ten in the petition, arguing that there was no evidence as to those allegations. The motion was granted. The trial court then revoked appellant's probation upon finding that he had failed to pay fines, costs, and fees as ordered by the court. Appellant was sentenced to two years' imprisonment, and he has now appealed.

Appellant argues that it was error for the trial court to overrule his objection and deny him the right to confront witnesses. The State contends that any error committed by the trial court in overruling appellant's objection was harmless and provides no basis for reversal of the revocation. We agree. The trial court did not rely on anything recounted in Brown's testimony to revoke appellant's probation. Revocation was based solely on the failure to pay

fines and costs, and this evidence was not objected to below nor challenged on appeal. The State need prove only one violation of the conditions of probation to sustain a revocation. *Stillwell v. State*, 2010 Ark. App. 546. Thus, any error in allowing Brown's testimony regarding other alleged violations was harmless. We affirm the revocation.

Affirmed.

GLOVER and VAUGHT, JJ., agree.

*C. Brian Williams*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Vada Berger*, Ass't Att'y Gen., for appellee.